**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00242-GPG

JOSE RICARDO SARABIA-MARTINEZ,

    Plaintiff,

v.

Ist ATTORNEY GENERAL ROBERT SHAPIRO, and
DENVER DISTRICT ATTORNEY LARA MULLINS,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

Plaintiff Jose Ricardo Sarabia-Martinez initiated this action by filing a Prisoner Complaint.  The Court reviewed the Complaint and found that it was deficient, because Plaintiff failed to complaint the Request for Relief section of the complaint form.  Plaintiff was directed to cure the deficiency, which he did on March 2, 2016, by providing the page of the complaint form that includes the Request for Relief section and stating in that section as follows.

> The Plaintiff humbly requests this Court to consider and overturn the decision made in respect to the Plaintiff's unreasonable and excessive bond in his case, and to set a new bond that is fitting for the charges and reasonable.  The Plaintiff would also like to inform the Court that he is being held on charges not exceeding a Class 4 Felony, and does not believe that this bond is at all fitting the alleged crimes, especially with the lack of physical or other evidence against Mr. Sarabia-Martinez.  The Plaintiff would like to request his right to a fair trial, and freedom from any personal vendettas against him, as he has been incarcerated for approximately a year under this unreasonable and outrageous bond.

ECF No. 5 at 1.

Upon review of Plaintiff's request for relief, the Court has determined Plaintiff is challenging his detainment based on excessive bail.  Plaintiff may not raise a request for

release in a § 1983 action; a challenge to the execution of his detainment more properly is raised in a habeas action.  *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ( "[a] prisoner may use § 1983 to challenge the conditions of [her] confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.").  "[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241."  *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007); *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).   If Plaintiff, therefore, is directed to file his claims on a Court-approved form used in filing 28 U.S.C. § 2241 actions.   Accordingly, it is

ORDERED that Plaintiff cure the deficiency designated above **within thirty days from the date of this Order**.   It is

FURTHER ORDERED that Plaintiff shall obtain the proper Court-approved form for filing a 28 U.S.C. § 2241 action (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. for use in curing the deficiency.   It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiency **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED March 18, 2016, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge